UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN BENEFIT CONCEPTS, INC.,

      Plaintiff/Counter-Defendant,

CASE NO. 1:09-CV-183

v.

HON. ROBERT J. JONKER

MALCOM SEAN WILLINGHAM,

      Defendant/Counter-Plaintiff.
_____/

## OPINION AND ORDER

This matter is before the Court on Defendant Motion to Dismiss for Improper Venue (docket # 16.) Plaintiff has responded to Defendant's motion (docket # 25). Neither party requested oral argument on the motion. The Court normally schedules oral argument on most civil motions, including this one, but after careful analysis of the parties' briefs, the Court does not feel oral argument is necessary to resolution of Defendant's motion. *See* W.D. Mich. LCivR 7.2(d). Accordingly, the Court will cancel the hearing and decide the motion the briefs.

This is an action to enforce a non-compete covenant and related contract provisions. (*See* Complaint, docket # 1.) Plaintiff American Benefit Concepts, Inc. is a Michigan company that markets various insurance products. Defendant Willingham is an individual Texas resident who sold products for Plaintiff under a written contract with the company. Defendant moves to dismiss the action based on allegedly improper venue in Michigan. (Docket # 16.) He argues that the only proper venue for this action is the Western District of Texas, where he lives and used to work for Plaintiff, and not Michigan, where Plaintiff's business operation is based. In legal terms, he argues

that Michigan is not a venue in which "a substantial part of the events or omissions giving rise to the claim occurred . . . ." *See* 28 U.S.C. § 1391(a)(2).

Under 28 U.S.C. § 1391(a)(2), venue is proper in this matter if "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. In the Sixth Circuit, the "substantial part" language is meant to include activities that precede the ultimate breach in a breach of contract case. *See, e.g.*, *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263-64 (6th Cir. 1991). More generally, the question is not just where the acts necessary to establish breach occurred, but rather whether the chosen forum has a "substantial connection" with plaintiff's claim as a whole. *Id.* at 263; *see also Geostar Corp. v. Gastar Exploration Ltd.*, 2008 WL 544553, at *4 (E.D. Mich. 2008) ("It is proper for a district court to determine venue by considering whether the forum the plaintiffs chose had a substantial connection to their claim rather than basing its determination on a single occurrence which directly gave rise to the plaintiff's action.") (internal quotations omitted).

The Western District of Michigan plainly has "substantial connection" to this breach of contract action such that venue here is proper. Plaintiff is a company based in the Western District of Michigan. This was clear to all parties from the face of the contact itself. (*See* Plaintiff's Opposition to Motion to Dismiss, docket # 25, Exhibit A.) In addition, the contract expressly provides for application of Michigan law, and for arbitration of certain disputes in Michigan. (*Id.*, at ¶¶ 17-18.) Additionally, the parties' actual performance under the contract reinforced Michigan's connection to this matter. Defendant Willingham came to Michigan on multiple occasions for meetings and training. (Plaintiff's Opposition, docket # 25, Exhibit B, Affidavit of Jason Juberg at ¶ 4.) He received payment, training supplies, and support sent from Plaintiff in Michigan. (*Id.*, at ¶¶ 4-6.) He scheduled sales appointments through the Michigan office. (*Id.*, at ¶ 5.) Under these

circumstances, Defendant's assertion that he actually sold insurance products for the Plaintiff only in Texas, where he is licensed to do so, misses the point. Venue may well be proper in Texas, as well as Michigan, based on Defendant's activities there. Indeed, venue is often proper under section 1391(a)(2) in more than one federal forum. Defendant's activities in Texas do not detract from the "substantial connection" between the Western District of Michigan and this dispute, and Plaintiff is under no obligation to file its case in the district with the "most" substantial connection or where the "best" venue may exist. *See, e.g., First of Michigan*, 141 F.3d at 263-64.

**ACCORDINGLY, IT IS ORDERED** that Defendant's Motion to Dismiss for Improper Venue (docket # 16) is **DENIED**. The hearing originally scheduled for Monday, June 15 is **CANCELLED**.


Dated:    June 12, 2009              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE